GISKAN SOLOTAROFF & ANDERSON LLP
Catherine Anderson
90 Broad Street, 2nd Floor
New York, New York 10004
(646) 964-9641

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X

KATHERINE RUBINSHTEYN,

                Plaintiff,                  Dkt. No.

      -against-                        **COMPLAINT**

                                               **JURY TRIAL DEMANDED**

CIT BANK NA,

                Defendant.

------------------------------------------------------------------X

Plaintiff Katherine Rubinshteyn, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendant CIT Bank NA, alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

2.     Plaintiff Katherine Rubinshteyn, a woman, is an experienced data quality professional who has held positions at Merrill Lynch, Radian Asset Assurance, and Prudential Financial. From December 2017 until August 2021, Ms. Rubinshteyn was employed by CIT

1

Bank NA and its predecessors in interest ("CIT") as a Data Quality Associate. CIT consistently gave Ms. Rubinshteyn positive performance reviews.

3. In October 2019, CIT posted, and Ms. Rubinshteyn applied for, an Assistant Vice President ("AVP") Data Governance position. Ms. Rubinshteyn was highly qualified for the position and met a series of benchmarks her supervisor, Mark Burge, told her were required to receive the promotion. Nevertheless, Ms. Rubinshteyn was not promoted. Mr. Burge told Ms. Rubinshteyn that she was not being promoted because no one was being promoted due to the anticipated merger with First Citizens Bank. This was not true, however, as CIT announced several promotions of male employees during this period.

4. During the spring of 2021, Ms. Rubinshteyn learned from CIT's Human Resources Department that Mr. Burge had taken no steps to consider her for the AVP Data Governance position.

5. In June of 2021, the VP of Data Quality, Matt Del Buono, with whom Ms. Rubinshteyn worked closely, resigned from CIT. Ms. Rubinshteyn was now the only CIT employee overseeing the work of the data quality department and believed that there was simply no reason for her not to be promoted to Mr. Del Buono's role, or, at minimum, the AVP role. However, Mr. Burge ended up assigning Mr. Del Buono's responsibilities to a male consultant.

6. Ms. Rubinshteyn spoke to several of her female colleagues who reported similar unfair and discriminatory treatment. It was apparent that Mr. Burge and CIT generally were simply unwilling to promote unquestionably qualified female employees.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over Plaintiff's Title VII claim pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 2000e-5. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or about November 1, 2021. The EEOC issued a right to sue letter on Ms. Rubinshteyn's complaint, attached hereto as Exhibit A, which Ms. Rubinshteyn received on or about April 27, 2022.

8. This Court has subject matter jurisdiction over claim made pursuant to the NJLAD pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendant CIT Bank NA because it regularly conducts business in New Jersey, and at all relevant times employed Ms. Rubinshteyn in New Jersey.

10. Venue is properly before this Court pursuant to 28 U.S.C. § 1391(b) as Plaintiff was employed in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**THE PARTIES**

11. Plaintiff Katherine Rubinshteyn is a woman who is currently a resident of the state of New Jersey.

12. Defendant CIT Bank NA is a business headquartered in Florida that regularly conducts business in New Jersey. Since January 2022, Defendant CIT Bank NA has been a subsidiary of First Citizens BancShares Inc.

## THE FACTS

13. Ms. Rubinshteyn is an experienced data quality professional, with a master's degree in Management Information Systems, who has held positions at Merrill Lynch, Radian Asset Assurance, and Prudential Financial.

14. In December 2017, CIT hired Ms. Rubinshteyn as a Data Quality Associate. Since that time, Ms. Rubinshteyn has been a strong performer, always receiving positive performance reviews.

15. In October 2019, CIT posted an Assistant Vice President ("AVP") Data Governance position, for which Ms. Rubinshteyn promptly applied. In November 2019, at a one-on-one meeting with Mr. Burge, Ms. Rubinshteyn inquired about obtaining the promotion. Mr. Burge stated that for Ms. Rubinshteyn to be promoted into the AVP position, he would have to be more familiar with her work and requested that she submit weekly progress reports. Ms. Rubinshteyn began to send Mr. Burge these reports.

16. In early 2020, at Ms. Rubinshteyn's 2019 year-end review, Mr. Burge told her that to be promoted to the AVP position, she would have to take a leading role in one of the department's "processes." Ms. Rubinshteyn met that requirement by assuming leading role in the Regularity Reporting Monthly Process. Yet Ms. Rubinshteyn still did not receive the promotion to AVP. Meanwhile, male employees in the IT department, Matthew Del Buono and Angshuman Munsi, were both promoted, one in 2020 and one in 2021.

17. In 2020, Mr. Burge created a development plan for Ms. Rubinshteyn. Over the following year, Ms. Rubinshteyn met each of the requirements of the development plan and received an "Exceeds Expectations" evaluation in the 2020 year-end evaluation.

18. Nevertheless, Ms. Rubinshteyn was not promoted even though she re-applied for the position when it was re-posted under the name "AVP Data Quality" in February 2021. Based on the requirements of the re-posted position, Ms. Rubinshteyn had been performing all the of the duties of the position for at least six months prior to applying. In February 2021, Mr. Burge told Ms. Rubinshteyn that she was not being promoted because CIT was not promoting any employees at that time due to an anticipated merger with First Citizens Bank. This was not true, however, as CIT announced several promotions of male employees during this period.

19. In June of 2021, the Vice President of Data Quality, Matthew Del Buono, with whom Ms. Rubinshteyn worked closely, resigned from CIT. Ms. Rubinshteyn was at that point the only CIT employee overseeing the work of the data quality department and believed that no legitimate reason existed for Mr. Burge not to promote her to Mr. Del Buono's role, or, at minimum, the AVP role. However, Mr. Burge assigned Mr. Del Buono's responsibilities to a male consultant, Thukaram Rajan, even though Mr. Burge had previously stated that CIT employees, not consultants, would be performing the day-to-day work that Mr. Del Buono had been performing.

20. While Mr. Burge again claimed that the merger made a promotion impossible, it has become apparent that Mr. Burge and CIT generally are simply unwilling to promote an unquestionably qualified female employee. Ms. Rubinshteyn has spoken to several of her female colleagues who report similar unfair and discriminatory treatment.

21. Ms. Rubinshteyn left her employment at CIT in August 2021.

### FIRST CLAIM FOR RELIEF
(Sex Discrimination in Violation of Title VII – 42 U.S.C. § 2000e, *et seq.*)

22. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

23. Defendant discriminated against Plaintiff in the terms and conditions of her employment, on account of her sex, in violation of Title VII.

### SECOND CLAIM FOR RELIEF
(Sex Discrimination in Violation of NJLAD – N.J.S.A. § 10:5-1 *et seq.*)

24. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

25. Defendant discriminated against Plaintiff in the terms and conditions of her employment, on account of her sex, in violation of NJLAD.

### JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

A. Awarding Plaintiff compensatory damages, including but not limited to damages for lost wages and emotional distress;

B. Awarding Plaintiff punitive damages;

C. Awarding reasonable attorneys' fees, costs, and expenses; and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

Dated:     New York, New York
             July 26, 2022

                        GISKAN, SOLOTAROFF & ANDERSON LLP

                        /s/
            By:   Catherine Anderson
                   canderson@gslawny.com
                   (646) 964-9641
                   90 Broad Street, 2nd Floor
                   New York, New York 10004

                   *Attorneys for Plaintiff*